# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kenneth Wilson Norwood, ) | No. CV 1-07-00889-SMM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Suzan Hubbard, et al., ) | |
| Defendants. ) | |

Plaintiff Kenneth Wilson Norwood, who is confined in Corcoran State Prison, filed four *pro se* civil rights actions pursuant to 42 U.S.C. § 1983 concerning an assault by another inmate that occurred on September 11, 2006. The four cases were consolidated under this case number and Plaintiff was ordered to file an amended complaint in the consolidated action containing "all relevant allegations against all named defendants." (Doc.# 12 at 5.)[1] Plaintiff filed a First Amended Complaint containing 111 pages, excluding exhibits. (Doc.# 17.) The Court dismissed the First Amended Complaint with leave to amend. (Doc.# 21.) Plaintiff has now filed a Second Amended Complaint. (Doc.# 24.) More recently, he has filed motions for permanent injunction, service of process, and appointment of counsel. (Doc.# 25-27.) Plaintiff's motions will be denied. The Court will order Defendants Carter, Covarrubias, Price, Brandon, Frescura, Pascua, Koehler, Gonzales, Morales, Canedo, Keener, and Maldonado to answer Counts II (in part) and III (in part) of the Second

---

[1] "Doc.#" refers to the docket number of filings in this case.

Amended Complaint and will dismiss the remaining claims and Defendants without prejudice.

## I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II. Second Amended Complaint

Plaintiff alleges three counts in his Second Amended Complaint for denial of access to the courts or the right to petition for redress of grievances; retaliation and medical care; and denial of due process and equal protection. Plaintiff sues the following employees of the California Department of Corrections and Rehabilitation (CDCR): Director Suzan Hubbard; Derral Adams, Warden of the Corcoran State Prison (CSP); CSP Associate Wardens James D. Hartley and D.D. Sheppard Brooks; CSP Lieutenant Keener; CSP Sergeant Maldonado; CSP Corrections Officers Carter, Covarrubias, Price, Brandon, Frescura, Pascua, and Koehler; CSP Nurses Gonzales and Morales; and CSP Emergency Nurse Canedo. Plaintiff seeks compensatory and punitive relief.

## III. Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts to support that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

///

### A. Adams, Hartley, and Brooks

Plaintiff has named Warden Adams and Associate Wardens Hartley and Brooks as Defendants. Plaintiff has not, however, alleged any facts against any of them. Accordingly, Defendants Adams, Hartley, and Brooks will be dismissed.

### B. Count I

Plaintiff designates Count I as a claim for denial of access to the courts or the right to petition for redress of grievances under the federal and state constitutions. Inmates have a federal right to petition for redress of grievances and to file suit without being subjected to retaliation. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). Thus, an inmate may state a federal constitutional violation where he alleges that a grievance was denied in retaliation for exercising a constitutionally-protected right, see Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995), or in retaliation for filing a grievance, Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Further, although "[t]here is no legitimate claim of entitlement to a [prison] grievance procedure," Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), the right of meaningful access to the courts extends to established prison grievance procedures. Hall, 64 F.3d at 1279; Valandingham, 866 F.2d at 1138. The "government" to which the First Amendment guarantees a right to petition for redress of grievances includes prison authorities. Hall, 64 F.3d at 1279 (citing Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.1989)).

Plaintiff alleges that Director Hubbard refused to process a timely 602 appeal "to resolve administrative state remedies" and that hindered Plaintiff's "access to file claim in federal court." (Doc.# 24 at 3.) That is, Plaintiff alleges that he was unable to petition the courts because he could not exhaust his administrative remedies. Plaintiff fails to allege facts to support that Hubbard retaliated against him for exercising a constitutionally-protected right or for filing a grievance. Plaintiff also fails to allege facts to support that Hubbard affirmatively interfered with Plaintiff's ability to file a grievance appeal. Further, the failure to process a grievance appeal did not and has not prevented Plaintiff from filing a federal cause of action. For these reasons, Plaintiff fails to state a federal claim for denial of access

1 to the courts or the right to petition for redress of grievances. The Court declines to exercise
2 supplemental jurisdiction over any state law violation of right of access to the courts or the
3 right to petition for redress of grievances. Count I will be dismissed.

### C. Count II (in part)

In Count II, Plaintiff in part realleges his claim in Count I against Hubbard and asserts retaliation or violation of the right to petition for redress of grievances. For the reasons stated above, Plaintiff fails to state a claim against Hubbard on these bases and Count II will be dismissed to that extent.

### D. Count III (in part)

In Count III, Plaintiff alleges violations of his federal and state equal protection and due process rights. These portions of Count III will be dismissed.

#### 1. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const., amend. XIV; see City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). A state practice that discriminates against a suspect class of individuals or interferes with a fundamental right is subject to strict scrutiny. Massachusetts Bd. of Ret. v. Murgia, 427 U.S. 307, 312 (1976); Hydrick v. Hunter, 466 F.3d 676, 700 (9th Cir. 2006). Absent allegations that he is a member of a suspect class, or that a fundamental right has been violated, a plaintiff must allege facts to support that he has been intentionally treated differently from others who are similarly-situated without a reasonable basis therefor. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). That is, a plaintiff must allege facts to support that the government has relied "on a classification whose relationship to an asserted goal is so attenuated as to render the distinction arbitrary or irrational." City of Cleburne, 473 U.S. at 446. Conclusory allegations do not suffice. See Village of Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 265 (1977).

Plaintiff fails to allege *any* facts to support that he is a member of a suspect class or

1  he experienced the violation of a fundamental constitutional right. He also fails to allege any
2  facts to support that he has been treated differently than similarly-situated inmates without
3  a rational basis therefor. Plaintiff fails to state a federal equal protection claim and the Court
4  declines to exercise supplemental jurisdiction over any state law violation of equal
5  protection. This portion of Count II will be dismissed.

### 2. Due Process

Plaintiff asserts the deprivation of a liberty interest without due process. Liberty interests that entitle an inmate to due process are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995) (internal citations omitted). In analyzing whether a hardship is atypical and significant, three guideposts to consider are: (1) the conditions of confinement; (2) the duration of the condition and the degree of restraint imposed; and (3) whether the sanction will affect the duration of the prisoner's sentence. Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003); Keenan v. Hall, 83 F.3d 1083, 1088-89 (9th Cir. 1996), op. amended, 135 F.3d 1318 (1998). "Atypicality" requires not merely an empirical comparison, but turns on the importance of the right taken away from the prisoner. See Carlo v. City of Chino, 105 F.3d 493, 499 (9th Cir. 1997). See, e.g., Sandin, 515 U.S. at 472 (30 days disciplinary segregation is not atypical and significant); Torres v. Fauver, 292 F.3d 141, 151 (3d Cir. 2002) (4 months in administrative segregation is not atypical and significant); Griffin v. Vaughn, 112 F.3d 703, 706-708 (3d Cir. 1997) (15 months administrative segregation is not atypical and significant); Beverati v. Smith, 120 F.3d 500, 504 (4th Cir. 1997) (6 months of confinement in especially disgusting conditions that were "more burdensome than those imposed on the general prison population were not atypical . . . in relation to the ordinary incidents of prison life"); Jones v. Baker, 155 F.3d 810 (6th Cir. 1998) (2.5 years of administrative segregation is not atypical and significant); Jacks v. Crabtree, 114 F.3d 983 (9th Cir. 1997) (denial of year sentence reduction is not an atypical

1 and significant hardship).  "As long as the conditions or degree of confinement to which the
2 prisoner is subjected is within the sentence imposed upon him and is not otherwise violative
3 of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment
4 by prison authorities to judicial oversight."  Montanye, 427 U.S. at 242.

Plaintiff alleges that Hubbard violated his due process rights by refusing to process a timely 602 appeal.  Even if true, such refusal does not constitute an atypical and significant hardship in relation to the ordinary incidents of prison life.  Plaintiff therefore fails to state a federal due process violation against Hubbard, and the Court declines to exercise supplemental jurisdiction over any state law violation of his due process rights on that basis.  This portion of Count III will be dismissed.

Plaintiff also alleges that Covarrubias violated his due process rights by failing to stop a "knowing future planed [sic] assault on Plaintiff" and "deliberately planting weapon in Inmate Diesso cell to use to assault Plaintiff."  (Doc.# 24 at 5.)  He alleges that Carter violated his due process rights by failing to protect him "from knowledge of on going assault and by deliberately opening" Plaintiff's cell door "to be assaulted by Inmate Diesso."  (Id. at 5A.)  He alleges that Defendants Carter, Price, Brandon, Frescura, Pascua, Koehler, Gonzales, Morales, Canedo, Keener, and Maldonado violated his due process rights by deliberately failing to respond to his medical needs after he was assaulted and by falsifying incident reports to cover-up the assault.  Although these facts support claims for violation of Plaintiff's Eighth Amendment right to safety or protection and to constitutionally adequate medical care, they do not state a claim for violation of Plaintiff's federal due process rights, and the Court declines to exercise supplemental jurisdiction over any state law due process violation.  Accordingly, these portions of Count III will also be dismissed.

**IV.    Claims for Which an Answer Will be Required**

In Counts II (in part) and III (in part), Plaintiff sufficiently states a claim for threats to his safety or failure to protect against Defendants Carter and Covarrubias and a claim for deliberate indifference to his serious medical needs against Defendants Carter, Price, Brandon, Frescura, Pascua, Koehler, Gonzales, Morales, Canedo, Keener, and Maldonado.

1 These Defendants will be required to respond to these allegations in the Second Amended
2 Complaint.

### V. Plaintiff's Motions

As noted above, Plaintiff has filed three motions. Plaintiff's motion for service of process will be summarily denied as moot. (Doc.# 26.)

Plaintiff also seeks an injunction to require his transfer to a federal prison because unspecified Defendants are retaliating against him and his safety is endangered. "No preliminary injunction shall be issued without notice to the adverse party." Fed.R.Civ. P. 65(a)(1). A temporary restraining order without notice may be granted *only* if the applicant certifies to the court in writing the efforts, if any, that he made to give notice and the reasons that notice should not be required. Fed.R.Civ.P. 65(b).

No Defendant has been served with a complaint in this action or a copy of Plaintiff's motion. Plaintiff also has not certified to the Court in writing the efforts he has made to give notice to Defendants or reasons why notice should not be required. Further, Plaintiff fails to set forth specifically how, when, where, or by whom he has allegedly been retaliated or specific facts to support that his safety is at risk; he merely makes vague and conclusory assertions. For these reasons, Plaintiff's motion for injunctive relief will be denied.

Finally, Plaintiff has filed a second motion for the appointment of counsel, which was prepared by another inmate, Fredrick Owens, Jr. (Doc.# 27, see doc.# 16.) In the motion, Plaintiff asserts that he takes psychotropic medication and has a "history of mental health problems." (Id. at 1.) He further claims that he cannot file civil pleadings or read adequately due to "severe mental health" and because the issues in the complaint are complex. (Id.)

Counsel is only appointed in a § 1983 action in "exceptional circumstances." Agyeman v. Corrections Corp. of America, 390 F.3d 1101,1103 (9th Cir. 2004); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved.'" Wilborn, 789 F.2d at 1331;

see Agyeman, 390 F.3d at 1103; Terrell, 935 F.2d at 1017.

The legal issues involved in this case do not present exceptional circumstances and Plaintiff appears able to adequately articulate his claims. Plaintiff's assertion of mental health problems are vague and, apart from this motion, it appears that he has prepared other filings in this case. Plaintiff's request for appointment of counsel will be denied.

## VI. Warnings

### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Counts I, II (in part) and III (in part) and Defendants Hubbard, Adams, Hartley, and Brooks are **dismissed** without prejudice. (Doc.# 24.)

(2) Defendants Carter, Covarrubias, Price, Brandon, Frescura, Pascua, Koehler, Gonzales, Morales, Canedo, Keener, and Maldonado must answer Counts II (in part) and III (in part) of the Second Amended Complaint for violation of Plaintiff's federal and state constitutional rights based on a failure to protect and deliberate indifference to his serious medical needs.

(3) The Clerk of Court must send Plaintiff a service packet including the Second Amended Complaint (doc.# 24), this Order, a Notice of Submission of Documents form, an instruction sheet, and copies of summons and USM-285 forms for Defendants Carter, Covarrubias, Price, Brandon, Frescura, Pascua, Koehler, Gonzales, Morales, Canedo, Keener, and Maldonado.

(4) Within **30 days** of the date of filing of this Order, Plaintiff must complete and return to the Clerk of Court the Notice of Submission of Documents. Plaintiff must submit with the Notice of Submission of Documents: a copy of the Second Amended Complaint for each Defendant, a copy of this Order for each Defendant, a completed summons for each Defendant, and a completed USM-285 for each Defendant.

(5) Plaintiff must not attempt service on Defendants and must not request waiver of service. Once the Clerk of Court has received the Notice of Submission of Documents and the required documents, the Court will direct the United States Marshal to seek waiver of service from each Defendant or serve each Defendant.

(6) **If Plaintiff fails to return the Notice of Submission of Documents and the required documents within 30 days of the date of filing of this Order, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice.** See **Fed. R. Civ. P. 41(b).**

(7) Plaintiff's motion for permanent injunction, service of process and to appoint counsel are **denied**. (Doc.# 25-27.)

DATED this 7th day of May, 2009.

_____
Stephen M. McNamee
United States District Judge