IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Kenneth Wilson Norwood,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Suzanne Hubbard, et al.,<br><br>　　　　Defendants. | No. 1:07-CV-00889-SMM<br><br>**ORDER** |

　　　　Before the Court is Plaintiff Kenneth Wilson Norwood's ("Norwood") November 4, 2010 Motion to Set Aside Plaintiff's First Set of Interrogatories, Reprocess a New Set of 25 Interrogatories and Serve an Additional 30 Interrogatories on Defendant S. Carter (Doc. 87).  On November 16, 2010 Defendant Carter filed a written objection to the Motion (Doc. 88).

　　　　Norwood has alleged substantial violations of his civil rights under 42 U.S.C. § 1983 and is proceeding *pro se*.  On April 14, 2010 the Court issued its Discovery Order and Scheduling Order (Doc. 54).  In that Order, the Court directed that the parties "shall comply with all pertinent rules," including the Federal Rules of Civil Procedure. Furthermore, the Court stated, "The parties are limited to 25 interrogatories . . ." (Doc. 54, p. 2). In his Motion, Norwood alleges that he misunderstood the Court's Order and Federal Rule of Civil Procedure 33 regarding the number of interrogatories that could be

1  served on Defendant Carter. Instead of submitting one set of 25 interrogatories, he
2  submitted 5 sets of 20 interrogatories (Doc 87, p.2). Defendant Carter responded by
3  serving responses to the first 25 interrogatories and by letter to the plaintiff explaining
4  that Defendant would not respond to the additional interrogatories pursuant to Rule 33
5  (Doc. 88, p. 2).

6  Norwood's Motion presents two issues for the Court. First, whether Norwood
7  should be allowed to serve a new set of interrogatories on Defendant Carter in accordance
8  with the Order and Rule 33; and second, whether the Court should grant Norwood leave
9  to serve an additional 30 interrogatories pursuant to Rule 33 and Rule 26(b)(2).

10  Because Norwood is proceeding *pro se* the Court evaluates Norwood's failure to
11  understand the Order and Rule 33 with "leniency." See Draper v. Coombs, 792 F.2d 915,
12  924 (9th Cir. 1986). The Court finds that Plaintiff's mistake, while not well received, was
13  unintentional. Norwood has the right to serve Defendant Carter with one set of up to 25
14  interrogatories of his choice. See FED. R. CIV. P. 33. Since the first 25 questions asked in
15  the initial set of interrogatories are not the questions Norwood would have asked if he
16  understood the rule, in the interests of justice and expediting discovery he may submit
17  one new set of 25 interrogatories to Defendant Carter.

18  With regard to the 30 additional interrogatories, however, Norwood has not shown
19  the necessity of these additional questions or that the benefit of so many additional
20  interrogatories outweighs the burden of producing responses. See FED. R. CIV. P. 26(b).
21  While "[l]eave to serve additional interrogatories may be granted to the extent consistent
22  with Rule 26(b)(2)," FED. R. CIV. P. 33, Norwood fails to provide any justification for the
23  additional interrogatories  beyond asserting that the information "will lead to the
24  discovery of admissible evidence in this action" (Doc. 87, p. 5).  In fact, many of
25  Norwood's proposed interrogatories reviewed by the court are cumulative and duplicative
26  and, therefore, unnecessary. Furthermore, Norwood has had or will have "ample
27  opportunity to obtain the information by discovery . . . " FED. R. CIV. P. 26(b)(2).
28  Norwood has already received the answers to his initial 25 interrogatories and Defendant

- 2 -

Carter has responded to two document production requests (Doc. 88).  Norwood has also indicated his intent to conduct a written deposition of Defendant Carter and propounded a request for a set of 52 admissions (id.).  In sum, Norwood has shown no reason why 25 interrogatories should not be enough to elicit the information necessary to make his case. Therefore, Norwood's request for additional interrogatories will be denied.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Set Aside Plaintiff's First Set of Interrogatories, Reprocess a New Set of 25 Interrogatories and Serve an Additional 30 Interrogatories on Defendant Carter (Doc. 87) is **GRANTED** as to Norwood's request to submit a new set of interrogatories to Defendant Carter and **DENIED** as to Norwood's request for leave to submit additional interrogatories .

**IT IS FURTHER ORDERED** that Plaintiff may serve one new set of 25 interrogatories on Defendant Carter and that Defendant Carter respond to these new interrogatories to the extent required by the Court's Order and Rule 33.

DATED this 17th day of November, 2010.

Stephen M. McNamee
United States District Judge