IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kenneth Wilson Norwood,<br><br>    Plaintiff,<br><br>vs.<br><br>Suzan Hubbard, et al.,<br><br>    Defendants. | No. 1:07-CV-00889-SMM<br><br>**ORDER** |

Before the Court is Plaintiff's Motion to Extend the Dispositive Motion Deadline to June 18, 2011 (Doc. 110) and Plaintiff's Motion for a 90-Day Extension of Time to Respond to Defendants' Motion for Summary Judgment (Doc. 114). Neither Defendant Carter ("Defendant Carter") nor Defendants Brandon, Canedo, Frescura, Gonzales, Keener, Koehler, Maldonado, Morales, Pascua, and Price ("Defendants") responded to Plaintiff's Motion to Extend the Dispositive Motion Deadline. However, Defendants filed a response opposing Plaintiff's Motion for a 90-Day Extension of Time. (Doc. 117).

**I. Motion to Extend the Dispositive Motion Deadline**

In an Order dated September 23, 2010, the Court set the discovery deadline in this case for December 31, 2010, and the pretrial dispositive motion deadline for March 18, 2011. (Doc. 75). Plaintiff now moves the Court to modify the scheduling order by extending the Dispositive Motion Deadline to June 18, 2011.

A scheduling order may be modified "upon a showing of good cause." Fed. R. Civ. P. 16(b). In determining whether a party has shown "good cause," the Court primarily considers the diligence of the party seeking the amendment. Johnson v. Mammoth

Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The pretrial schedule may be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. at 609. However, if the party seeking the modification "was not diligent, the inquiry should end" and the motion to modify should not be granted. Id.

Plaintiff asserts that the Court should extend the dispositive motion deadline because he has not been able to obtain records from the California Department of Corrections ("CDCR Records") which document the internal affairs investigation into his alleged assault. Plaintiff has been reasonably diligent in seeking to obtain the CDCR Records. During the September 22, 2010 telephonic conference, the Court asked Defense Counsel Marta Barlow to disclose how Plaintiff could obtain the Records. (Doc. 74). In a subsequently filed Declaration, Barlow explained that the CDCR viewed the Records as confidential and would only release them pursuant to subpoena. (Doc. 78). On January 21, 2011, Plaintiff moved the Court to subpoena the CDCR records. (Doc. 96). The Court granted Plaintiff's motion and directed that a subpoena be issued and served by the United States Marshall Service on January 24, 2011. (Doc. 108). However, the CDCR has not produced any documents and has now moved to quash Plaintiff's subpoena on grounds of official immunity and confidentiality. (Doc. 115).

The fact that Plaintiff has diligently pursued the CDCR Records supports a finding of good cause to grant his request for a modification. Furthermore, an extension will allow the Court to resolve CDCR's Motion to Quash and determine which documents will be available to Plaintiff. Although some or even all of the documents may be protected by privilege or confidentiality, fairness dictates that Plaintiff receive any unprotected documents before the dispositive motion deadline passes.

**II. Motion for a 90-Day Extension to Respond**

On November 29, 2010, Defendants moved for Summary Judgment. (Doc. 90). On December 2, 2010, the Court informed Plaintiff of Defendants' Motion and his responsibility to respond by January 1, 2011. (Doc. 93). Plaintiff later moved the Court to extend the deadline because he had not received the CDCR documents's request and the Court extended

that deadline to March 3, 2011. (Doc. 98). Plaintiff now requests another 90-day extension to allow him to receive the CDCR Records before filing his opposition.

Under Rule 56(d) of the Federal Rules of Civil Procedure, the Court has discretion to extend a response deadline where "the nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."[1] Therefore Plaintiff must show: "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) that the facts sought exist; and (3) that the sought-after facts are essential to oppose summary judgment." Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008). An extension is not justified merely because discovery is incomplete or desired facts are unavailable, "rather the party filing the affidavit must show how additional time will enable him to rebut the movant's allegations of no genuine issue of fact." Jensen v. Redev. Agency of Sandy City, 998 F.2d 1550, 1554 (10th Cir. 1993).

Defendants' Motion for Summary Judgment seeks to dispose of Plaintiff's Eighth Amendment claims of deliberate indifference. Therefore, only facts from the report that would be essential to opposing summary judgment on those claims are relevant. To show a genuine issue of material fact on the deliberate indifference claims, Plaintiff, when all facts and inferences are viewed in his favor, must show that Defendants acted with "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). A plaintiff must show (1) "'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'" and (2) that the defendant's response "was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1991)).

Consequently, Plaintiff must show that facts in the CDCR Records address these

---

[1] Defendants refer throughout their motion to Rule 56(f). That rules content is now contained in Rule 56(d). Practice under the rule remains essentially the same and the Court will continue to cite cases interpreting Rule 56(f). See Rule 56 Advisory Committee Note to the 2010 amendments.

1  elements. Plaintiff has failed to comply with Rule 56(d) by setting forth in "affidavit or
2  declaration" the facts required to justify his opposition that would be found in the CDCR
3  Records. This alone is grounds to deny the additional time for discovery and proceed to rule
4  on the motion for summary judgment. Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d
5  1439, 1443 (9th Cir. 1986). Furthermore, even considering the assertions presented in
6  Plaintiff's Motion for a 90-day Extension, Plaintiff has failed to show which specific facts
7  will be found that are essential to his opposition.[2]  See Family Home & Fin. Ctr., Inc., 525
8  F.3d at 827.

9  Although the Court has discretion to deny Plaintiff's Motion, because of the
10 circumstances of the case, and the fact that the Court will simultaneously extend the
11 dispositive motion deadline to provide time to resolve CDCR's Motion to Quash, the Court
12 will reserve ruling on Plaintiff's Motion and allow Plaintiff time to file a Reply with an
13 affidavit complying with Rule 56(d). To provide time for that filing the Court will provide
14 Plaintiff with a 30-day extension to his response deadline.

15 **III. Conclusion**

16 Plaintiff's Motions have been evaluated under the differing standards of Rules 16(b)
17 and Rule 56(d). Plaintiff has shown good cause for an extension of the dispositive motion
18 deadline to allow the Court to resolve the subpoena dispute so that Plaintiff has all available

---

[2] Plaintiff's Motion argues that the facts will show that (1) Defendant Carter conspired to murder defendant; (2) Defendant Carter intentionally opened Plaintiff's cell door and let the assailant in; (3) Defendant Carter stood for 3-6 minutes watching the assailant violently stab plaintiff; (4) Defendant Carter did not call for any assistance and allowed the suspect to flee the scene; (5) the suspect testifies to this entire sequence of events; (6) Plaintiff was placed back into his cell without medical care after the stabbing; (7) Defendants knew of the stabbing and allowed plaintiff to lie in his cell for 40-50 minutes without receiving medical care, (8) an inmate informed Defendant Carter that Plaintiff was dying but Defendant Carter and Defendants did nothing to assist him; and (9) the interview transcripts will show that none of the Defendants gave Plaintiff medical care when they allege they did. (Doc.114 at 12-14). These arguments assert facts that may be necessary to oppose a motion for summary judgment by Defendant Carter, but no such motion is at issue. Plaintiff must show that these facts are essential to oppose this Motion.

- 4 -

information about Defendant Carter's actions prior to the deadline. However, Plaintiff has failed to comply with Rule 56(d)'s requirements that he show by affidavit or declaration that the information in the CDCR Records is essential to justify his opposition. Therefore, before the Court will rule on the extension he must comply.

Accordingly,

**IT IS HEREBY ORDERED GRANTING** Plaintiff's Motion to Extend the Dispositive Motion Deadline to June 18, 2011. (Doc. 110).

**IT IS FURTHER ORDERED** that Plaintiff file an affidavit or declaration pursuant to Rule 56(d) by March 11, 2011.

**IT IS FURTHER ORDERED** that the deadline to file Plaintiff's Response is extended from March 3, 2011 to April 2, 2011.

DATED this 3rd day of March, 2011.

_____
Stephen M. McNamee
United States District Judge