IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kenneth Wilson Norwood, ) | No. 1:07-CV-00889-SMM |
| ) Plaintiff, ) | **ORDER** |
| ) vs. ) | |
| ) Suzan Hubbard, et al., ) | |
| ) Defendants. ) | |

Before the Court is third-party California Department of Corrections and Rehabilitation's ("CDCR") Motion to Quash the Subpoena Duces Tecum Issued by Plaintiff or In the Alternative, for an *In Camera* Review of the Documentation Requested (Doc. 115). On December 22, 2010, this Court authorized the issuance of a subpoena to allow plaintiff access to records of a CDCR internal affairs investigation (Doc. 102). On January 24, 2011, the subpoena was served (Doc. 108). CDCR then filed this Motion to Quash (Doc. 115).

Plaintiff has requested, "all documents, statements, interviews, recordings, reports, photos, medical reports, taped statements, any unknown documents" that pertain to the internal affairs investigation of the events of September 11, 2006.[1] The CDCR argues that the subpoena should be quashed because the information in the internal affairs report is protected by the federal common law "official information privilege," provisions of the Freedom of Information Act ("FOIA"), Federal Rule of Civil Procedure 45(c)(3)(A)(iii), the

---

[1] Although Plaintiff appears to have used the wrong log numbers in his request, CDCR officials understand that the subpoena relates to the internal affairs investigation of the events of September 11, 2006. See Declaration of Joseph Rosa ¶3.

right of privacy, and California Evidence, Civil, Government and Penal Code Sections. In the alternative, CDCR asserts that the Court should conduct an *in camera* review of the documents and disclose them only under a protective order.

The Court has reviewed CDCR's claims of privilege and statutory protection and finds that they are insufficiently specific to justify quashing the subpoena. See Kerr v. U.S. Dist. Ct., 511 F.2d 192, 198 (9th Cir. 1975)("Formally claiming a [official information] privilege should involve specifying which documents or class of documents are privileged and for what reasons . . .") aff'd, 46 U.S. 394 (1976). However, the Court recognizes the important government and privacy interests asserted by CDCR and will conduct an *in camera* review of the requested documents. In cases where government privilege is at issue *in camera* review has long been viewed as "a highly appropriate and useful." Kerr v. U.S. Dist. Ct., 426 U.S. 394, 405 (1976). The process is "a relatively costless and eminently worthwhile method to insure that the balance between [] claims of irrelevance and privilege and plaintiffs' asserted need for the documents is correctly struck." Id. Based on its review, the Court will determine which documents are privileged and which should be disclosed to Plaintiff. The Court will then issue a protective order to protect any information that should be released.

Accordingly,

**IT IS HEREBY ORDERED DENYING** CDCR's Motion to quash the subpoena duces tecum.

**IT IS FURTHER ORDERED GRANTING** CDCR's request for an *in camera* and under seal review of the subpoenaed documents. CDCR is directed to provide all documents related to the internal affairs investigation of the events of September 11, 2006 to the Court, along with any specific claims of privilege, by April 15, 2011.

DATED this 15th day of March, 2011.

Stephen M. McNamee
United States District Judge