IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Kenneth Wilson Norwood, | ) | No. 1:07-CV-00889-SMM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Suzan Hubbard, et al., | ) | |
| Defendants. | ) | |

Plaintiff is a prisoner proceeding pro se with an action under 42 U.S.C. § 1983. Now pending before the Court is Defendant Carter's Request for Referral for Further Settlement Conference (Doc. 137). Counsel for Defendant Carter has spoken with Plaintiff and Counsel for Defendants Brandon, Canedo, Covarrubias, Frescura, Gonzales, Keener, Koehler, Maldonado, Morales, Pascua and Price and all represent that they are willing to participate in a settlement conference in order to reach a global settlement of this action as to all claims and defendants.

This case was referred to Magistrate Judge Jennifer L. Thurston for a prior settlement conference held on June 28, 2010. The case did not settle at that time. Despite an extremely busy docket, Judge Thurston has consented to preside over the requested second conference. Thus, this Court will refer the matter to Judge Thurston with the understanding that the parties' positions toward settlement have changed in the period since the prior conference and that the parties will work in good faith to resolve the claims at issue.

//

//

Accordingly,

**IT IS HEREBY ORDERED**:

    1. Defendant's request for a further settlement conference is granted;

    2. This case is referred to Magistrate Judge Jennifer L. Thurston and set for a second settlement conference on **July 1, 2011, at 10:00 a.m.** at Pleasant Valley State Prison, 24863 West Jayne Avenue, Coalinga, California 93210;

    3. Defendants' lead counsel, including Shanan Hewitt and Jeffrey Steele, and a person with full and unlimited authority to negotiate and enter into a binding settlement on defendants' behalf shall attend in person;[1]

    4. ALL parties are to provide confidential settlement conference statements to the following email address: JLTORDERS@CAED.USCOURTS.GOV, or, if the party has no access to email, then to Sujean Park, ADR Coordinator, 501 I Street, Suite 4-200, Sacramento, California 95814, so they arrive no later than **June 27, 2011**;

Settlement statements should **not** be filed with the Clerk of the Court **nor served on any other party**. Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

The confidential settlement statement shall be no longer than **five pages** in length, typed or neatly printed, and include the following:

    a. A brief statement of the facts of the case.

---

[1] The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F. 3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).

        b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

        c. A summary of the proceedings to date.

        d. An estimate of the cost and time to be expended for further discovery, motions, pretrial, and trial.

        e. The relief sought.

        f. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

        g. A brief statement of each party's expectations and goals for the settlement conference.

     5. The parties shall keep the Court apprised of the outcome of the settlement conference. The parties shall file a joint status report within 10 days of the mediation, or if settlement is reached, the parties shall file a Notice of Settlement with the Court.

     6. The Clerk of the Court is directed to serve a copy of this order on the Litigation Office at Pleasant Valley State Prison via facsimile at (559) 935-4928;

     DATED this 21st day of June, 2011.

_____
Stephen M. McNamee
United States District Judge