IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kenneth Wilson Norwood,<br><br>    Plaintiff,<br><br>vs.<br><br>Suzan Hubbard, et al.,<br><br>    Defendants. | No. 1:07-CV-00889-SMM<br><br>**ORDER** |

    This case concerns an assault on Plaintiff Kenneth Norwood ("Plaintiff") by a fellow inmate at California State Prison-Corcoran ("Corcoran") on September 11, 2006. In his Third Amended Complaint, Plaintiff alleges two Eighth Amendment claims against prison officials: (1) failure to protect against Defendant Stephen Carter (Carter), and (2) deliberate indifference to Plaintiff's medical needs against Carter, and Defendants Brandon, Canedo, Frescura, Gonzales, Keener, Koelher, Morales, Pascua, Price, and Maldonado ("Defendants"). (Doc. 33). On November 29, 2010, all Defendants except Carter filed a Motion for Summary Judgment concerning the deliberate indifference claim against them. (Doc. 90). Plaintiff was initially ordered to respond by January 1, 2011. (Doc. 93). However, in the interests of justice, the Court has granted Plaintiff's several requests for extensions to the original response deadline as Plaintiff attempted to obtain additional discovery. (Docs. 98, 118).

    Plaintiff specifically sought discovery of medical records from his treatment at University Medical Center in Fresno, California, and an investigative report of the September 11, 2006 assault compiled by California Investigative Services (the "CIS Report"). Pursuant

1 to Plaintiff's motions, the Court issued subpoenas *duces tecum* which were served on both
2 parties. (Docs. 86, 102). University Medical Center responded, (Doc. 113), but the California
3 Department of Corrections ("CDCR") moved to quash Plaintiff's subpoena, claiming the
4 information in the reports was confidential and exempt from disclosure under the common
5 law privilege of official information, (Doc. 115). The Court denied CDCR's Motion to
6 Quash, but granted an *in camera* review of the CIS Report. (Doc. 128). Concurrently, the
7 Court extended Plaintiff's response deadline again, giving Plaintiff with 60 days to file his
8 response after the Court's determination on the *in camera* review. (Id.).

9 The Court has completed its review of the subpoenaed documents CIS Report and
10 attendant documents and finds that they contain no evidence relevant to Plaintiff's claims for
11 deliberate indifference claims against the moving Defendants. To succeed on a claim of
12 deliberate indifference to medical needs, Plaintiff must show: (1) "'serious medical need' by
13 demonstrating that 'failure to treat a prisoner's condition could result in further significant
14 injury or the 'unnecessary and wanton infliction of pain,'" and (2) that Defendants' response
15 "was deliberately indifferent to the potential harm" – that Defendants had a culpable state of
16 mind and their actions caused Plaintiff harm. Jett v.Penner, 439 F.3d 1091, 1096 (9th Cir.
17 2006) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1991)); Farmer v.
18 Brennan, 511 U.S. 825, 837 (1994); Estelle v. Gamble, 429 U.S. 97, 106 (1976).

19 The CIS Report contains evidence that may be relevant to Plaintiff's claims against
20 Defendant Carter, and at least one account of actions taken by some Defendants before the
21 assault. But there is no evidence within the CIS report that would assist Plaintiff in showing:
22 (1) Defendants' failed to provide Plaintiff medical attention in a timely manner, (2) the
23 failure resulted in further injury or "unnecessary and wanton infliction of pain," or (3)
24 Defendants acted deliberately. Thus, the Court will not order the disclosure of any portion
25 of the CIS Report at this time.

26 //
27 //
28

Accordingly,

**IT IS HEREBY ORDERED** Plaintiff must respond to Defendant's Motion for Summary Judgment, (Doc. 90), by Friday, September 16, 2011. The Court will grant no further extensions to this deadline.

**IT IS FURTHER ORDERED** discovery is closed with regard to Plaintiff's deliberate indifference claims against Defendants Brandon, Canedo, Frescura, Gonzales, Keener, Koelher, Morales, Pascua, Price, and Maldonado.

**IT IS FURTHER ORDERED GRANTING** Plaintiff's Motion to Extend the Dispositive Motion Deadline to September 18, 2011. (Doc. 136).

**IT IS FURTHER ORDERED GRANTING** Plaintiff's request for a telephonic status conference, and setting a conference for Monday July 28, 2011, at 1:30 p.m. (Doc. 134). Defense counsel shall initiate a conference call and secure Plaintiff on the line before telephoning Judge McNamee's chambers at (602) 322-7555, no later than 1:25 p.m., on July 28, 2011.

**IT IS FURTHER ORDERED DENYING** Plaintiff's remaining requests and motions for miscellaneous relief. (Doc. 132, 134-36). The Court has conducted its *in camera* review, and will order disclosure of appropriate documents in a timely fashion.

DATED this 13th day of July, 2011.

Stephen M. McNamee
United States District Judge