**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

Kenneth Wilson Norwood,
Plaintiff,
vs.
Suzan Hubbard, et al.,
Defendants.

No. 1:07-CV-00889-SMM

**ORDER**

Plaintiff is a prisoner proceeding *pro se* with an action under 42 U.S.C. § 1983. Pending before the Court are several motions filed by both parties asking that this case be submitted for a settlement conference. (Docs. 168, 170, 171.) This case has been submitted to a settlement conference on two different occasions, June 28, 2010, and July 1, 2011. Despite an extremely busy docket, Magistrate Judge Jennifer Thurston has consented to preside over the parties requested settlement conference. This Court will refer the matter to Judge Thurston with the understanding that the parties' positions toward settlement have changed in the period since the last settlement conference and that the parties will work in good faith towards resolving this case.

Accordingly,

**IT IS HEREBY ORDERED GRANTING** Plaintiff's and Defendants' motions for a settlement conference. (Docs. 168, 170, 171.) The settlement conference shall be conducted under the following terms and conditions:

1. This case is referred to Magistrate Judge Jennifer L. Thurston for a settlement

conference at Kern Valley State Prison on **March 16, 2012 at 11:00 a.m.**, 3000 West Cecil Avenue, Delano, California 93215;

2. Defendants' lead counsel, including Shanan Hewitt, and a person with full and unlimited authority to negotiate and enter into a binding settlement on defendants' behalf shall attend in person;[1]

3. The parties are to provide confidential pre-settlement conference statements to Sujean Park, ADR Coordinator, 501 I Street, Sacramento, Suite 4-200, California 95814, so they arrive no later than **March 9, 2012.** Settlement statements **should not** be filed with the Clerk of the Court **nor served on any other party**. Settlement statements shall be clearly marked "confidential"with the date and time of the settlement conference indicated prominently thereon. The confidential settlement statement shall be no longer than **five pages** in length, typed or neatly printed, and include the following.

a. A brief statement of the facts of the case.

b. A brief statement of the claim and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claim and defenses; and a description of the major issues remaining in dispute.

c. An estimate of the cost and time to be expended for further, motions, pretrial, and trial.

---

[1] 1The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F. 3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).

d. The relief sought.

e. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

f. A brief statement of each party's expectations and goals for the settlement conference.

4. The Clerk of the Court is directed to serve a copy of this order on the Litigation Coordinator at Kern Valley State Prison via facsimile at (661) 720-4949.

5. The parties shall keep the Court apprised of the outcome of mediation. The parties shall file a status report within 10 days of the mediation, or if settlement is reached, the parties shall file a Notice of Settlement with the Court.

DATED this 17th day of February, 2012.

Stephen M. McNamee
United States District Judge